**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES RAY EDWARDS, | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. H-13-1299 |
| STATE OF TEXAS, | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Charles Ray Edwards, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges charges pending in the Justice of the Peace Court in Harris County, Texas.

Having considered the record and applicable authorities, the court determines that this case should be dismissed for lack of jurisdiction. The reasons for this ruling are stated below.

## I. Background

Edwards states that he was charged with solicitation from a public roadway. Edwards states that he was holding a printed sign which stated that he was hungry and needed help. He was standing on a sidewalk near a busy intersection. Edwards asks this court to dismiss the pending charges. Edwards states that he wishes to appeal the court's final judgment in either the First or Fourteenth Court of Appeals of Texas. Alternatively, Edwards seeks to have the state criminal proceeding removed to federal court.

On-line research reveals that Edwards was charged with solicitation from a public roadway in Cause Numbers TR11X0497458 and TR11X0494696.[1] The court has learned through telephone

[1] http://web.jp.hctx.net/CaseInfo/GetCaseInfo?case=TR11X0497458.

inquiry that Edwards has failed to appear in court and that a citation has been issued. Edwards has not been convicted of the charged offense; nor has Edwards been sentenced to any term of confinement.

On April 23, 2013, this court received Edwards's federal petition.

## II. Analysis

As noted, Edwards has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), a person must be "in custody" before he can seek federal habeas relief. To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna Cnty. Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001). A habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Edwards filed the instant federal petition on April 23, 2013. At that time, Edwards was not in custody on the charges in Cause Numbers TR11X0497458 and TR11X0494696, the cases on which he bases this petition.

The court finds that Edwards has not met the "in-custody" requirements of 28 U.S.C. § 2254(a) or § 2241(c)(3). Because Edwards has not satisfied the "in custody" requirement, this court has no jurisdiction to consider his claims.

## III. Conclusion

Edwards's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. All remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on May 10, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE